STATE OF NORTH CAROLINA EX REL. COMMISSIONER OF INSURANCE v. NORTH CAROLINA FIRE INSURANCE RATING BUREAU

No. 7610INS121

(Filed 18 August 1976)

1. Insurance § 116— fire insurance rates — "deemer" provisions — necessity for public hearing

Insofar as the G.S. 58-27.2(a) requirement for a public hearing on a proposal to revise fire or other pertinent insurance rates may be repugnant to the "deemer provision" of G.S. 58-131.1, the statutory provisions mandating a public hearing must prevail since those provisions were last enacted; therefore, the "deemer provision" of G.S. 58-131.1 will not operate to approve automatically a filing of proposed fire insurance rates in the absence of the hearing required by G.S. 58-27.2(a).

2. Insurance § 116— fire insurance rates — burden of proof — authority of Commissioner to disapprove

There is no presumption that a rate filing by the Fire Insurance Rating Bureau is correct and proper, but the Bureau has the burden

of showing that the rate schedule it proposed is fair and reasonable and does not discriminate between risks; however, if the propsed filing complies with the standards of G.S. 58-131, G.S. 58-131.1, and G.S. 58-131.2, and is otherwise supported by substantial evidence, the Commissioner of Insurance lacks authority to disapprove it in the absence of substantial evidence to the contrary.

**3. Insurance § 116— automobile physical damage rates — disapproval of revision — insufficiency of findings**

 The Commissioner of Insurance erred in disapproving proposed rate revisions for automobile physical damage insurance where the Fire Insurance Rating Bureau presented substantial evidence of anticipated loss experience and operating expenses and fair and reasonable profit, and the Commissioner failed to make findings, supported by substantial evidence, specifying why the proposed rates failed to comply with applicable statutory standards or otherwise explaining why the evidence presented by the Bureau to support its filing was not substantial.

 Judge MARTIN dissents.


APPEAL by defendant from Ingram, Commissioner of Insurance. Order entered 6 November 1975. Heard in the Court of Appeals 14 May 1976.

On 21 July 1975 the North Carolina Fire Insurance Rating Bureau (Bureau) filed with the Commissioner of Insurance (Commissioner) proposed rate revisions for the Automobile Physical Damage Insurance Program. By letter dated 18 September 1975 the Commissioner acknowledged receipt of the filing, notified the Bureau that the filing had been disapproved, and scheduled a hearing for the proposed revisions on 28 October 1975. The hearing was conducted on 28 October and 30 October 1975. The Bureau called six witnesses, most of whom were specialists and experts in the field of insurance, to explain and justify the proposed rate revisions and offered numerous exhibits in evidence. Except for an exhibit containing an order allowing a fifteen percent downward deviation from the present rate level for the North Carolina Farm Bureau Mutual Insurance Company for the lines of coverage involved in the hearing, the Insurance Department presented no evidence at the hearing. On 6 November 1975 the Commissioner entered an order disapproving the Bureau's proposed rate revisions and leaving the existing rates for automobile physicial damage insurance in effect. From this order the Bureau appealed.

*Attorney General Edmisten, by Assistant Attorney General Isham B. Hudson, Jr., for the plaintiff.*

*Joyner and Howison, by Walton K. Joyner and Edward S. Finley, Jr., for the defendant.*

BROCK, Chief Judge.

[1] The Bureau contends that the Commissioner's initial disapproval of the rates proposed by its 21 July 1975 filing was invalid because the Commissioner failed to comply with the hearing requirement of G.S. 58-27.2(a), and consequently, the proposed rates were "deemed approved" upon the Commissioner's failure to disapprove them "in writing within 60 days after submission" according to G.S. 58-131.1.

The apparent conflict between the hearing requirement of G.S. 58-27.2(a) and the "deemer provision" of G.S. 58-131.1 was resolved recently in *Comr. of Insurance v. Rating Bureau,* 29 N.C. App. 237, 224 S.E. 2d 223 (1976). Insofar as the G.S. 58-27.2(a) requirement for a public hearing on a proposal to revise fire or other pertinent insurance rates may be repugant to the "deemer provision" of G.S. 58-131.1, the statutory provisions mandating a public hearing must prevail since those provisions were last enacted. *Comr. of Insurance v. Rating Bureau, id.* It follows that the "deemer provision" of G.S. 58-131.1 will not operate to automatically approve a filing of proposed rates in the absence of a hearing if such hearing is required by G.S. 58-27.2(a). The Bureau's first argument is overruled.

Next the Bureau argues that the Commissioner erred in disapproving the rate provisions proposed in the 21 July 1975 filing. We agree.

[2] There is no presumption that a rate filing by the Bureau is correct and proper. The burden is upon the Bureau to show that the rate schedule proposed by it is "fair and reasonable" and that it does not discriminate unfairly between risks. *In re Filing by Fire Ins. Rating Bureau,* 275 N.C. 15, 165 S.E. 2d 207 (1969). However, if the proposed filing complies with the statutory standards of Article 13 (in particular, G.S. 58-131, G.S. 58-131.1, and G.S. 58-131.2) and is otherwise supported by substantial evidence, the Commissioner lacks authority to disapprove it in the absence of substantial evidence to the contrary.

In general the Commissioner is charged with the duty of overseeing the rate-making process. While the Rating Bureau collects data and prepares proposed rates, the Commissioner is authorized to approve, disapprove, or revise proposed or existing rates in accord with the statutory standards prescribed by Article 13. Indeed the Commissioner's authority to disapprove proposed rates emanates from these statutory standards. Whether proposed rates should be approved or disapproved by the Commissioner, in whole or in part, is governed exclusively by the applicable statutory standards as interpreted and applied by technicians and experts in the field. As quoted in *In re North Carolina Fire Ins. Rating Bureau*, 2 N.C. App. 10, 162 S.E. 2d 671 (1968) :

> "Insurance rate making is a technical, complicated and involved procedure carried on by trained men. It is not an exact science. Judgment based upon a thorough knowledge of the problem must be applied. Courts cannot abdicate their duty to examine the evidence and the adjudicaiton, and to interpret and apply the law, but they must recognize the value of the judgment of an Insurance Commissioner who is specializing in the field of insurance and the efficacy of an adjudication supported by evidence of experts who devoted a lifetime of service to rate making."

No doubt, specialists in the field of insurauce are an indispensable aid in determining whether a proposed rate produces a "fair and reasonable profit" (G.S. 58-131.2) or gives "consideration to all reasonable and related factors. . . . " (G.S. 58-131.1).

The fact that the Commissioner personally disapproves of a proposed rate revision does not, standing alone, warrant disapproval of the filing. The Commissioner's disapproval must be based on an affirmative showing that the proposed filing (1) fails to comply with statutory standards or (2) is not supported by substantial evidence, or both.

[3]  The Commissioner's disapproval of the Bureau's rate proposal is based on the following findings:

> "5. The filing contained no trend adjustment for changes in claim frequencies.

> "6. Portions of the filing were not supported by North Carolina data, but instead relied solely on countrywide data.

"7. Other portions of the filing were not supported by data from all the companies actually in operation in automobile physical damage insurance in North Carolina, but instead relied solely on data from certain selected companies.

"8. Loss and premium data for automobile physical damage insurance in North Carolina for the year ending December 31, 1974 was required to be filed with Insurance Services Office by February 15, 1975, but was not included in this filing made on July 21, 1975.

"9. The Fire Bureau failed to produce substantial evidence upon which the Commissioner could make specific findings of fact as to (1) the reasonably anticipated loss experience during the life of the policies to be issued in the near future, (2) the reasonably anticipated operating expenses in the same period, and (3) the percentage of earned premiums which will constitute a fair and reasonable profit in that period.

"10. The Fire Bureau failed to produce sufficient evidence to support a conclusion that 5% is a fair and reasonable profit for automobile physical damage insurance in North Carolina at this time.

"11. The Fire Bureau failed to show that the rates that it proposed in this filing are fair and reasonable or that said rates will produce a profit which is fair and reasonable.

"12. The filing is improper and the rates proposed therein are unwarranted, unreasonable, improper, unfairly discriminatory, and not in the public interest.

"13. North Carolina Farm Bureau Mutual Insurance Company, an insurance company writing automobile physical damage insurance in North Carolina only, currently has in effect a 15% downward deviation from the rates of the Fire Bureau for automobile physical damage policies, which deviation was requested by a filing dated June 26, 1975, containing data for the entire year of 1974."

The evidence presented by the Bureau indicates that the data referred to findings 5, 6, 7, and 8 was either useless or unnecessary in the formulation of rates in light of the standards of Article 13. This evidence is not refuted. Furthermore, it appears that the Bureau did produce substantial evidence of (1),

(2), and (3) in finding 9. There is no evidence in the record to support the Commissioner's conclusion to the contrary. There is no evidence in the record to refute the Bureau's evidence that five percent is a fair and reasonable profit or to justify the Commissioner's conclusion that the proposed rates are not reasonable and not proper, fair, and in the public interest.

The Commissioner lacks authority to disapprove a filing of proposed rates in the absence of findings of fact, supported by substantial evidence, which specify why the proposed rates fail to comply with applicable statutory standards or otherwise explain why the evidence presented by the Bureau to support its filing is not substantial.

Reversed and remanded.

Judge BRITT concurs.

Judge MARTIN dissents.